**IN RE: TOYOTA MOTOR CORP. PRIUS HID HEADLAMP PRODUCTS LIABILITY LITIGATION.**

**No. MDL 2198.**

United States Judicial Panel on Multidistrict Litigation.

Nov. 30, 2010.

Before JOHN G. HEYBURN, II, KATHRYN H. VRATIL,* W. ROYAL FURGESON, JR., BARBARA S. JONES, DAVID R. HANSEN, FRANK C. DAMRELL, JR. and PAUL J. BARBADORO, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel*:** Plaintiffs in the action pending in the District of New Jersey have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of New Jersey. The litigation currently consists of that action and two actions pending in the Central District of California, as listed on Schedule A. Plaintiffs in the actions pending in the Central

---

* Judge Vratil took no part in the decision of this matter.

District of California and defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., and Toyota Motor Corp. oppose centralization or, alternatively, suggest centralization in the Central District of California.

On the basis of the papers filed and hearing session held, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Given that there are only three actions pending in two districts, and the coordinated Central District of California actions are at a more advanced stage of proceedings, movants have failed to convince us that there are sufficiently complex or numerous questions of fact shared among these actions to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there are of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

It appears that the parties in the Central District of California actions are on the cusp of settlement. Movants argue that a preliminary approval of the proposed settlement terms is premature. However, transferring the Central District of California actions to prevent the approval of a settlement does not advance the purposes of Section 1407. There are more suitable mechanisms in place by which class members can object to or opt out of a class settlement.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

## SCHEDULE A

**MDL No. 2198—IN RE: TOYOTA MOTOR CORP. PRIUS HID HEADLAMP PRODUCTS LIABILITY LITIGATION**

*Central District of California*

*Carlos Collado, et al. v. Toyota Motor Sales, U.S.A., Inc.,* C.A. No. 2:10–3113

*Elliot Fixler v. Toyota Motor Sales, U.S.A., Inc.,* C.A. No. 2:10–3124

*District of New Jersey*

*Philip Gotthelf, et al. v. Toyota Motor Sales, U.S.A., Inc., et al.,* C.A. No. 2:10–4429